The opinion of the general court was delivered by
Mason, J.
By the 4th section of the act to reduce into one the several acts concerning public roads and for establishing public landings, passed February 2. 1819, (2 Rev. Code, ch. 236. p. 234.) the several county courts are directed to divide the roads into precincts, “ and appoint a surveyor over every precinct, whose duty it shall be to superintend the road in his precinct, and see that the same be cleared, and kept in good re *659 pair.” To enable him to perform this public duty, a portion of the tithables are to labour under his superintendence. If such tithables fail to work, they are liable to a fine, to be ascertained by any justice of the peace. To enable the surveyor to enforce this penalty of the law, the same act requires of the county court to make an appointment of all male labouring persons over sixteen years of age, except such as are masters of two or more male labouring slaves of that age, to work on some public road. The failure of the county court to make such appointment, or to ratify and approve the assignment which may be made by their order, may protect the tithables from the penalty of a refusal to work; but their refusal cannot be ascertained until the surveyor attempts to perform his duty. But this contingent defence of the tithables is no excuse for the surveyor, for a failure to perform his duty. In this case it appears that they did not refuse to work before the finding of the indictment, and that, without a new assignment, they did work and put the road in repair, shortly after that occurrence.
Upon the whole case, a majority of the court are of opinion, in answer to the 3d question, that the defendant’s motion for a new trial ought to be overruled, and judgment entered on the verdict; and they deem it unnecessary to decide the other questions.